## JEREMIAH BAGGOT *vs.* JOHN FLEMING.

If the highest bidder at an auction sale is acting as agent for A., but when the payment is to be made, A. and B. and the actual bidder, all agree that the deed shall be made to B., instead of A., and B. pays for the same, A. cannot deny B.'s title in a subsequent action against him for the same premises.

A tenant in a real action is not entitled to betterments under Rev. Sts. c. 101, § 20, unless he held the premises under a title he had reason to believe good, or unless he had held them for six years.

WRIT of entry to recover a farm in Seekonk. It was tried before *Shaw,* C. J., who drew up the following report:

" Welcome Leonard died seised of the premises, intestate, leaving a widow and one child. Laura P. Leonard, the widow, was duly appointed guardian of Elizabeth Leonard, only child and heir of Welcome Leonard. The guardian obtained a license to sell the estate, and offered the same at auction, and executed a deed to the demandant, as the purchaser, conveying her ward's interest; also, a deed in her own right, of her own right of dower in one third: these deeds were dated December 16, 1847.

To prove the execution, the demandant called the attesting witness, Viall Medbery, who testified as follows: ' I saw both deeds executed, witnessed them, and took the acknowledgments; I acted as the agent of Mrs. Leonard, sold the estate for her, and officiated as auctioneer at the sale. The highest bidder was Robert Burlingame, and not Jeremiah Baggot. The sale was made November 20, 1847, and the deed dated December 16. Mr. Fleming, the defendant, was there, and has occupied the premises ever since. I was employed to sell the estate, and posted notices accordingly. The estate was offered at the time and place advertised, and Mr. Burlingame bid it off. The terms were payment in ten days, and the deed to be then given. Burlingame, Fleming, and Baggot were all at the auction. At the expiration of the ten days, I called on Mr. Burlingame, and he wanted the time extended to December 16. He said I might make out the deed, leaving a blank for the name of the purchaser.

the 16th of December, Burlingame, Fleming, and Baggot, came together. I told them I must make out the deed to the highest bidder, or, if he was agent, then to his employer. They all three stepped out, and when they came back, they all said I might make out the deed to Mr. Baggot, and there would be no trouble about it. Burlingame witnessed the deed; he witnessed both deeds. At the auction, Mr. Burlingame told me that he bid off the estate for another, or as agent, or something to that effect.'

The tenant, on opening his defence, submitted as matter of law that this sale was not valid, because Baggot was not the highest bidder, that in fact if Burlingame was agent for anybody, he bid off the estate, as an agent for Fleming, and not for Baggot. To establish the fact, the tenant offered

Robert Burlingame, who testified: ' I bid off the estate; don't recollect that I made any statement at the auction, that I bid as agent; I stated this to Deacon Medbery, after the sale; cannot say whether the same day or not; I was acting for Mr. Fleming; I was not employed by Mr. Baggot. When the deed was given, I was present, and Mr. Baggot and Mr. Fleming. According to my best recollection, Mr. Baggot was to furnish the money, and the deed was to be taken in his name, and Mr. Fleming was to give him security on an estate in Providence; this was on the 16th of December; Deacon Medbery was present; I was there and witnessed both deeds.'

It seemed to me that the only question of fact for the jury would be, on the evidence, whether the respective parties consented and agreed that the deed should be taken to Baggot, as the purchaser, and in this the parties acquiesced. Whereupon I proposed to instruct the jury, that if at, or soon after the auction, the actual bidder informed the auctioneer and agent of the guardian, that he acted for another, and when the purchaser came to take the deed and make payment, Burlingame, the actual bidder, Baggot, the plaintiff, and Fleming, the defendant, were present together, and consented that the deed should be made out to the demandant, as the principal, and notice to that effect was given to the auctioneer, and the deed from the guardian was executed to him accordingly, the tenant could not contest the demandant's title in this action.

Upon this suggestion, a verdict was taken for the demandant, by consent, subject to the opinion of the whole court, whether this direction was right; verdict to be set aside, or judgment to be entered accordingly.    If the verdict is to stand, the case is also subject to the opinion of the whole court, whether the tenant can claim betterments, whether such claim was seasonably made, and if so, the question of betterments may be referred to an assessor."

*C. I. Reed,* for the demandant.

*N. Morton,* for the tenant.

Dewey, J.    1.  The proposed instruction to the jury upon the title of the demandant, that if at, or soon after the auction, the actual bidder informed the auctioneer, and agent of the guardian, who was making the sale, that he acted for another, and when the purchaser came to take the deed, and make payment, Burlingame, the actual bidder, Baggot, the demandant, and Fleming the tenant, were present together, and consented that the deed should be made to the plaintiff, as the principal, and notice to that effect was given to the auctioneer, and thereupon the deed from the guardian was executed to him, the tenant could not contest the demandant's title, was entirely correct.

2.  The tenant is not entitled to betterments.    The case arises under the Rev. Sts. *c.* 101, § 20, the premises not having been held by the tenant as long as six years.    In such case he is only entitled to betterments, " provided he held them under a title which he had reason to believe good."    The case negatives such holding, as the tenant knew of the conveyance to the demandant, and the circumstances that give it validity.

*Judgment for demandant.*